IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT E. MARTIN, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 08 - 1604 |
| vs. | ) |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| THE COMMONWEALTH OF PA DEPARTMENT OF CORRECTIONS; et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Robert Martin, was a state inmate previously confined at the State Correctional Institution at Fayette, Pennsylvania. He commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against various officers and employees of the Pennsylvania Department of Corrections (DOC) alleging that his constitutional rights were violated by a failure to treat a serious medical condition. Defendants have moved for dismissal of the Complaint on the basis of, *inter alia*, Plaintiff's failure to have complied with the DOC three-step grievance process available to Pennsylvania state prisoners. For the reasons that follow, Defendants' Motion to Dismiss (doc. no. 26) will be granted.

**A. Standard of Review**

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.

Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 550 U.S. at 555. Additionally, "a civil rights claim 'must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." ' Coronado v. Goord, No. 99 Civ. 1674, 2000 WL 1372834, at *2 (S.D.N.Y. 2000) (quoting Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987)). *See also* Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951 (U.S. 2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and providing further guidance on the standard set forth therein).

       The United States Court of Appeals for the Third Circuit has recently held that, when determining whether to dismiss a complaint for failing to state a claim upon which relief can be granted, a district court should apply a two-part test in order to determine whether a pleading's recitation of facts is sufficient. Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id*. at 210-11 (citing Iqbal, 129 S.Ct. at 1949). "Second, a District Court must then determine whether the facts

alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Fowler, 578 F.3d at 211 (quoting Iqbal, 129 S.Ct. at 1950).

A court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a section 1983 action, the court must liberally construe a *pro se* litigant's pleadings and 'apply applicable law, irrespective of whether a *pro se* litigant has mentioned it by name.' Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d. Cir. 1999)). "Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution." Higgins, 293 F.3d at 688 (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).

Finally, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). This was originally a reaction to the rule requiring heightened factual pleading in civil rights cases. *See id*. (citing Darr v. Wolfe, 767 F.2d 79, 80-81 (3d Cir. 1985) (requiring district court to exercise their discretion to allow *pro se* plaintiffs to amend their claims to avoid dismissal)); *see also* Dist. Council 47 v. Bradley, 795 F.2d 310, 316 (3d Cir. 1986) (extending the *pro se* amendment rule to counseled complaints). This rule remains, and has been periodically affirmed, even after the Supreme Court's 1993 decision in Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993), which abrogated the heightened pleading rule in civil rights cases. *See* Fletcher-Harlee Corp., 482 F.3d at 252 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).

**B. Failure to Exhaust Administrative Remedies**

Defendants' first basis for dismissal of the Complaint is Plaintiff's alleged failure to have exhausted available administrative remedies as required by the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). In this regard, in the PLRA, Congress amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e, concerning suits by prisoners. Before the amendments, prisoners challenging the conditions of their confinement under 42 U.S.C. § 1983 were not required to exhaust administrative remedies before filing suit. The PLRA amended section 1997e(a), as follows, making exhaustion a mandatory requirement.

> (a)   Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), as amended.

The United States Court of Appeals for the Third Circuit analyzed the applicability of the exhaustion requirement in 42 U.S.C. § 1997e in <u>Nyhuis v. Reno</u>, 204 F.3d 65 (3d Cir. 2000) (Bivens action brought by a federal inmate) and <u>Booth v. Churner</u>, 206 F.3d 289 (3d Cir. 2000) (civil rights action brought by a state prisoner). In each of these cases, the Court of Appeals announced a bright line rule that inmate-plaintiffs must exhaust all available administrative remedies before they can file an action in federal court concerning prison conditions. In so holding, the court specifically rejected the notion that there is ever a futility exception to section 1997e(a)'s mandatory exhaustion requirement. <u>Booth</u>, 206 F.3d at 300; <u>Nyhuis</u>, 204 F.3d at 66. A unanimous Supreme Court affirmed the Court of Appeals' holding in <u>Booth v. Churner</u>, 532 U.S. 731 (2001) where the Court confirmed that in the PLRA Congress mandated complete exhaustion of administrative remedies, regardless of the relief offered through those administrative procedures. In addition, in

Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court clarified that the PLRA's exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or specific episodes and whether they allege excessive force or other conduct.

The administrative grievance procedure for Pennsylvania inmates is codified in the Pennsylvania Department of Corrections Policy Statement No. DC-ADM 804-1, entitled "Consolidated Inmate Grievance Review System." The purpose of the grievance system is to insure that every inmate confined in a Bureau of Correction facility has an avenue through which prompt resolution of any problem which arises during the course of confinement may be sought. DC-ADM 804 ¶ 1. The grievance system applies to all state correctional institutions and provides three levels of review: 1) initial review by the facility grievance coordinator; 2) appeal of initial review to the superintendent or regional director; and 3) final appeal to the Secretary's Office. DC-ADM 804 ¶ VI. The administrative policy further provides that, prior to utilizing the grievance system, prisoners are required to attempt to resolve problems on an informal basis through direct contact or by sending an inmate request slip to the appropriate staff member. DC-ADM 804 ¶ V.

In the instant action, Defendants assert that the Complaint should be dismissed because Plaintiff failed to have exhausted his administrative remedies in that he failed to have filed any grievances to final review. The Court of Appeals for the Third Circuit repeatedly has held that a prisoner's failure to comply with the procedural and substantive requirements of DOC's grievance policy, as set forth in DC ADM 804, results in procedural default, thereby precluding an action in federal court. *See* Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004); Rozzelle v. Rossi, 307 Fed. Appx. 640, 642 (3d Cir. 2008). In this action, the record includes an affidavit by Dorina Varner, Administrative Officer 4 in the Grievance Review Office (doc. no. 27-2, p. 2). As custodian of DOC records, Varner reviewed the documents and found that Martin "had not appealed any grievances whatsoever to Final Review" (doc. no. 27-2, p. 4).

5

The United States Supreme Court adopted a similar holding in Woodford v. Ngo, 548 U.S. 81 (2006) wherein it held that an untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the PLRA's mandatory exhaustion requirement. Woodford, 126 S.Ct. at 2382.

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." This Court has described the doctrine as follows: "[A]s a general rule ⋯ courts should not topple over administrative decisions unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its practice." Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

Woodford, 548 U.S. at 91 (internal citations, quotations and footnotes omitted).

The Court further noted that "[c]onstruing § 1997e(a) to require proper exhaustion also fits with the general scheme of the PLRA, whereas respondent's interpretation would turn that provision into a largely useless appendage. "A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction" and "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing

6

the initiation of a federal case." *Id*. at 93. The Court concluded that the benefits of exhaustion could only be realized if the prison grievance system is given a fair opportunity to consider the claims, which required the grievant to comply with the procedural rules. *Id*. at 95.

In the case at bar, Plaintiff procedurally defaulted his claim by failing to file any grievances to Final Review. While he attached copies of several Inmate Requests and Grievances (Exhibit A, doc. no. 7-5), he did not provide any allegation to rebut Defendants assertion that he did not seek final review of any of his grievances. As stated by the Court of Appeals for the Third Circuit, "it is beyond the power of this court--or any other--to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, 204 F.3d at 73 (quotation omitted). The Supreme Court of the United States reiterated this tenet when it affirmed the Third Circuit's holding in Booth. Consequently, this Court is required to follow the Supreme Court's directive in Booth and dismiss Plaintiff's complaint due to his failure to have exhausted his available administrative procedures. *Accord* Quillar v. Brinkman, 63 Fed.Appx. 361, 362 (9th Cir. 2003) ("The district court correctly dismissed Quillar's action because it was clear from the face of the amended complaint that he had failed to exhaust available prison administrative remedies."); Rozzelle v. Rossi, 307 Fed. Appx. 640, 642 (3d Cir. 2008) (finding that inmate's failure to file for final review amounted to procedural default thereby precluding his claims).[1] An appropriate order follows.

**AND NOW** this 24th day of November, 2009

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (doc. no. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

---

1. Because Plaintiff cannot now correct his failure to have exhausted his administrative remedies as he no longer is in DOC custody, any amendment to his complaint would be futile.

7

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Dated: November 24, 2009

                                                  Lisa Pupo Lenihan
                                                  United States Magistrate Judge

cc:         Robert E. Martin, Jr.
            P.O. Box 33
            516 Old Stage Road
            Albrightsille, PA 18210